### ANNA RATCLIFFE, ET AL., *v.* H. L. BELL.

**Will—Construction of Will.**

Where in the 2nd clause of his will a testator, in order to guard against the contingency of his daughter's dying before his wife, to whom he had given a life estate, gave to his daughters "and their descendants" the fee simple, and in clause 3 of such will gave to such daughters said real estate absolutely, it was his intention to give the daughters a fee, and to his wife the life estate.

### APPEAL FROM BATH CIRCUIT COURT.

November 7, 1877.

OPINION BY JUDGE PRYOR:

The testator, when writing the second clause of his will, was guarding against the contingency of his daughters' dying before his wife, and in that event the dower land was to pass to their descendants. He knew how to create a life estate, and, in fact, by the same clause he made an express devise of a life estate to his wife, and at the termination of this estate, if his intention had been to create an

estate for life only in the same land for the benefit of his daughters, he would have used no such language as "to them and their descendants." He was only following the line of descent in disposing of this dower property, and desired after the wife's death that it should pass to his daughters and their descendants. The intention to vest his daughters with the absolute title is manifest from the whole context of the will.

By the third clause of that instrument, the real estate, to the possession of which the daughters were entitled as soon as he died, was given to them absolutely, and the only reason for using the word descendants in the second clause was an attempt to provide against the contingency of his daughters' dying before the life tenant; in other words, by this clause of the will the land passed as if there had been no will. The heir surviving took the land. The appellee is only a tenant by the curtesy. At the death of the mother the possession was in the daughters, such a possession as gave the husband a life estate, the other elements constituting that tenancy appearing in the record—the subsequent birth of a living child and death of the wife.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*H. L. Stone, A. Duvall, for appellants.*

*F. F. Hargis, Nesbitt & Gudgell, for appellee.*